[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is brought in five (5) counts: 1. The plaintiff claims he is entitled to reimbursement for payoff of a promissory note on which he was an accommodation maker only. 2. The plaintiff claims recovery under a subrogation theory, as subrogee of the mortgagee. 3. This count lies in unjust enrichment. 4. The plaintiff claims recovery as a co-maker of the note, of his proportionate share. 5. The plaintiff has withdrawn his claim for recovery in count 5.
This case was originally brought by Eugene C. Bay in April 1990. Eugene C. Bay died in April 1992 and the executor of his estate, Michael Bay was substituted as party plaintiff. (Eugene C. Bay, the decedent, was the father of both Michael Bay and Wayne Bay).
In his answer, Wayne admitted executing a note and mortgage together with his father in the principal amount of $87,000.00, to the First American Mortgage Company. By way of special defense Wayne claimed that he conveyed two (2) pieces or parcels of land to the plaintiff, Eugene C. Bay, which parcels were approximately 14 acres and 3.4 acres in size, respectively, reserving, however, a life estate in the 3.4 acre parcel. He also claims he gave personal property to his father worth at least $30,000.00, and that the transfer of real and personal property were made pursuant to the father's agreement to pay off all of his (Wayne's) debts, including but not limited to the First American Mortgage Company obligation.
 I
Accommodation Maker Issue
The plaintiff's claim that Eugene Bay signed the note as an accommodation maker is speculative and unsupported by the evidence. There was no evidence presented that the holder of CT Page 6330 the note (First American Mortgage Co.) understood that Ruth Bay, who signed the note under power of attorney for Eugene Bay, was signing as an accommodation maker. Catania v. Catania, 26 Conn. App. 359, 364 (1992). Michael Bay (the substitued [substituted] plaintiff) has no knowledge of the purpose of the loan or how the money was used. There was testimony that a portion of the loan went to the benefit of Eugene and that a portion was used by Wayne Bay as working capital for his business. That Wayne intended to make the monthly payments on the mortgage is not sufficient to establish that Eugene Bay was an accommodation maker. The evidence leads the Court to conclude that the signers were co-makers of the note. Accordingly, the plaintiff cannot prevail on Count 1.
 II
Right of Subrogation
The defendant, as a co-maker, on the note, could be held liable to the co-obligor on the note for his share of the debt under a subrogation theory once the co-obligor has paid the share of the other. This right of subrogation would accrue as an equitable right and need not be predicated on a contract between the co-makers of the note. Hartford A I Co. v. Chung, 37 Conn. Sup. 587, 73 Am.Jur.2d, Subrogation, Sec. 63.
In this case, Eugene Bay and Wayne Bay executed a note and mortgage in favor of the First American Mortgage Company in 1984. In 1985 the mortgagee filed a Lis Pendens on the mortgaged property in connection with a foreclosure action. In 1988 Eugene Bay assigned a general power of attorney to his son Michael Bay (who is presently the executor of Eugene's estate and the present plaintiff). In May of 1988, Michael, as attorney for Eugene, obtained a mortgage loan from R. Rothstein, Trustee in the amount of $100,000.00 The proceeds of this mortgage went in part to pay off the balance of the First American Mortgage. The plaintiff claims the pay off figure was $80,000.00, but this figure cannot be credited as accurate. The plaintiff produced no closing documents and bases this figure on what his attorney and/or his father told him. This sketchy evidence cannot be the basis for a finding that the balance owed to the First American Mortgage Co. was $80,000.00. In the alternative, the plaintiff asks the Court to accept the defendant's CT Page 6331 testimony that the debt owned on the mortgage was $67,000.00. The plaintiff correctly states the defendant's trial testimony that there remained $67,000.00 unpaid on the mortgage when he stopped making the payments. The defendant, however, asserts by special defense that he conveyed a 14 acre parcel of land to his father (free and clear of encumbrances) and a 3.4 acre parcel, as well as personal property worth approximately $30,000.00 under the following circumstances:
That at about the time the First American Mortgage was in default, Wayne Bay was having marital as well as financial difficulties and in 1985 he left the United States for Canada, returning in 1988. In 1989 he was convicted of Larceny, First degree and Custodial Interference, both crimes occurring in 1985 before he fled to Canada. The judgment in the Larceny matter carried an order of restitution to the victim in the amount of $40,000.00. He claims that shortly before he fled to Canada he discussed his situation with his father, Eugene, and they agreed that (Wayne) would transfer two tracts of land which he owned to his father (14 acres and 3.3. acres) and that the father would take care of his bills, including the mortgage to First American Mortgage Company. On September 9, 1987, the defendant did, in fact, convey two (2) parcels of land to his father (See Exhibit C and D). Exhibit C describes the 14 acre parcel in question (although it is erroneously described in the deed as 20 acres more or less) and Exhibit D describes the 3.3 acre piece in question. These parcels were conveyed without a conveyance tax being collected and the Court finds that there was an agreement that the transfer of real estate was in satisfaction of the mortgage debt to First American. The value of the property conveyed was at least equivalent in value to the mortgage debt. The Court does not find credible, however, the defendant's assertion that the agreement included a promise by Eugene that he would pay back the money Wayne had stolen in 1985. Wayne was ordered to make restitution of $40,000.00 in 1989 for that crime. There was no evidence offered that at the time of his prosecution, he had indicated his father should have paid that debt, and the Court does not find any agreement to that effect. That finding, however, does not affect the outcome of this case, as the Court does find the land was transferred in satisfaction of the mortgage debt, which is the substance of the complaint. CT Page 6332
Thus, while there is a right of subrogation by Eugene Bay for the mortgage payment, the conveyance of the land to Eugene from Wayne satisfied Wayne's debt to Eugene.
 III
Unjust Enrichment
For the reasons discussed above, the defendant was not unjustly enriched and the plaintiff cannot prevail in Count 3.
 IV
Co-Maker's Obligation
For the reasons discussed previously herein, the defendant has met his obligation to the plaintiff as co-maker of the note.
Conclusion
Accordingly, judgment shall enter for the defendant.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court